**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MARINA E. MARTINEZ and ESDRAS
RAFAEL SANCHEZ SORIANO, individually
and on behalf of all others similarly situated

|  |  |
|---|---|
| Plaintiffs, | Case No. 15-CV-03446 (LDW)(ARL) |
| - against - | |
| APOGEE RETAIL NY, LLC, | |
| Defendant. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS**

Steven John Moser (SM1133)
STEVEN J. MOSER, P.C.
3 School Street, Suite 207B
Glen Cove, New York  11542
(516) 671-1150
(516) 882-5420 (fax)

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

ARGUMENT.................................................................................................................... 2

    1. THE PAYROLL RECORDS EXCHANGED BY THE DEFENDANT SHOW THAT THE
       DEFENDANT HAS FAILED TO PAY FOR ALL OVERTIME HOURS WORKED BY
       BOTH MARINA MARTINEZ AND ESDRAS RAFAEL SANCHEZ SORIANO;
       THEREFORE, IN THE EVENT THAT THE MOTION TO DISMISS IS GRANTED, THE
       PLAINTIFFS SHOULD BE GRANTED LEAVE TO REPLEAD THEIR FLSA CLAIMS,
       AS SUCH AMENDMENT WILL NOT BE FUTILE............................................... 2

        a. Esdras Rafael Sanchez Soriano was deprived of Overtime Wages ................................ 3

        b. Marina Martinez was Deprived of Overtime Wages ........................................ 3

        c. In the event that the Court is inclined to grant the Defendant's motion to dismiss, leave
           to replead should be granted. ....................................................................... 4

    2. THE DEFENDANT'S MOTION IS A PREMATURE SUMMARY JUDGMENT
       MOTION............................................................................................................. 5

        a. Defendant has refused to meaningfully participate in discovery, thus depriving the
           Plaintiff of the opportunity to oppose its merit-based arguments.................................... 5

        b. By submitting evidence outside the pleadings, the Defendant attempts to transform the
           Rule 12(c) motion into a summary judgment exercise. .................................................... 5

        c. The documents submitted by the Defendant should not be considered on a Rule 12(c)
           motion. ............................................................................................................ 6

        d. The Defendant has no legal support for its statement that courts in this jurisdiction have
           "regularly considered"  extraneous documents "in deciding a dispositive motion
           without converting the motion into one for summary judgment.".................................. 8

    3. EVEN IF THE PLAINTIFF'S OVERTIME CLAIMS ARE DISMISSED, THIS COURT
       HAS JURSIDICTION OVER THE PLAINTIFFS' STATE LAW CLAIMS PURSUANT
       TO THE CLASS ACTION FAIRNESS ACT OF 2005 (CAFA).  THEREFORE,
       ALLOWING THE PLAINTIFF LEAVE TO REPLEAD THE JURISDICTIONAL
       REQUIREMENTS UNDER 28 U.S.C. § 1332(D) WOULD NOT BE FUTILE................... 8

        a. An Introduction to Plaintiff's Untimely Payment of Wages Claim ................................ 8

        b. This Court has jurisdiction over the Plaintiffs' state law claims under CAFA................ 9

    4. THE DEFENDANT'S MOTION FOR SANCTIONS WHICH IS BASED UPON
       COUNSEL'S REFUSAL TO DISMISS FLSA CLAIMS IS WITHOUT MERIT .............. 10

CONCLUSION............................................................................................................... 11

**TABLE OF AUTHORITIES**

**Federal Court Opinions**

*Addison v. Huron Stevedoring Corp.*, 96 F. Supp. 142 (S.D.N.Y. 1950) ................................... 2

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ................................................ 6

*Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Associated Contractors*, 877 F.2d 938 (11th Cir. 1989) ................................................ 11

*Cunningham v. County of L.A.*, 879 F.2d 481 (9th Cir. 1988) ................................................ 11

*Deluca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54 (S.D.N.Y. 2010) ................................... 6, 7

*Gaiardo v. Ethyl Corp.*, 835 F.2d 479 (3d Cir. 1987) ................................................ 11

*Gonzalez v. Gan Isr. Preschool*, No. 12-CV-06304 (MKB) (VMS), 2014 U.S. Dist. LEXIS 34633 (E.D.N.Y. Feb. 5, 2014) ................................................ 9

*Hamer v. County of Lake*, 819 F.2d 1362 (7th Cir. 1987) ................................................ 11

*Hayden v. County of Nassau*, 180 F.3d 42 (2d Cir. 1999) ................................................ 4

*Hilton Hotels Corp. v. Banov*, 283 U.S. App. D.C. 232, 899 F.2d 40 (D.C. Cir. 1990) ................................................ 11

*L-7 Designs, Inc. v. Old Navy, L.L.C.*, 647 F.3d 419 (2d Cir. 2011) ................................................ 7

*Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007) ................................................ 10

*Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir. 1986) ................................................ 11

*Pantry Queen Foods v. Lifschultz Fast Freight*, 809 F.2d 451 (7th Cir. 1987) ................................................ 11

*Papeskov v. Brown*, No. 97 Civ. 5351 (SS), 1998 U.S. Dist. LEXIS 8355, 1998 WL 299892 (S.D.N.Y. June 5, 1998) ................................................ 4

*Regeda v. City of N.Y.*, No. 09-CV-5427 (KAM) (VVP), 2012 U.S. Dist. LEXIS 186256 (E.D.N.Y. Sept. 7, 2012) ................................................ 4

*Samuels v. Wilder*, 906 F.2d 272 (7th Cir. 1990) ................................................ 11

*Saunders v. John Morrell & Co.*, No. C88-4143, 1992 U.S. Dist. LEXIS 21716 (N.D. Iowa Oct. 14, 1992) ................................................ 2

*Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639 (2d Cir. 1988) ................................................ 5

*Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457 (E.D.N.Y. 2011) ................................................ 8

*T.D. Bank v. JP Morgan Chase Bank*, No. 10-CV-2843 (JG) (ARL), 2010 U.S. Dist. LEXIS 109471 (E.D.N.Y. Oct. 14, 2010) ................................................ 6

*Thomas v. Capital Sec. Servs.*, 836 F.2d 866 (5th Cir. 1988) (en banc) ................................................ 11

**New York State Opinions**

*People ex rel. Gianotti v. Bloom*, 7 Misc. 2d 1077, 167 N.Y.S.2d 179 (City Ct. 1957) ................................................ 8

**New York State Statutes**

N.Y. Lab. Law § 191 ................................................ 8

**United States Code**

28 U.S.C. § 1332(D) (2012) .......................................................................................................... 8

28 U.S.C. § 1332(d) (?YEAR?) .................................................................................................... 9

28 U.S.C. § 1332(d)(2) (?YEAR?) ............................................................................................... 9

**Regulations**

29 C.F.R. § 785.47 (2013) ........................................................................................................... 2

29 C.F.R. § 785.48 (2013) ........................................................................................................... 2

## INTRODUCTION

On June 15, the Plaintiffs filed the complaint (ECF No. 1) alleging overtime violations of the FLSA and the NYLL.  On July 11, 2015 the Defendant answered. (ECF No. 11).  Now, almost five months after answering the complaint the Defendant challenges the pleading pursuant to Rule 12(c) on the basis of "irrefutable documentary evidence" that contradicts the portions of the complaint that allege that the Defendants "shifted" hours from overtime weeks to non-overtime weeks in order to avoid paying the overtime premium.  *Defendant's Letter Request for Pre Motion Conference,* ECF No. 18, at 2 (Sep. 30, 2015).

Defendant also accuses Plaintiff's counsel of violating Rule 11(b) and makes a motion for sanctions pursuant to Rule 11(c).  Since September 18, 2015, the Defendant has threatened that if the Plaintiffs do not abandon all FLSA claims, they will move for sanctions.  However, the Defendant has not suggested that the complaint was frivolous when filed.  Instead, the Defendant believes that an opposing attorney is subject to sanctions if (1) allegations in the complaint are contradicted by documents in the Defendant's possession and (2) after supplying such documents, the Plaintiff refuses to voluntarily dismiss all claims.

The absurd logical conclusions of the Defendant's arguments are as follows:

a.  An attorney has more than an obligation to investigate claims prior to signing a pleading.  He has the obligation to know, in advance, whether he will prevail on all of the factual assertions in a pleading.  If his client turns out to be mistaken about factual allegations, the attorney will be liable under Rule 11.

b.  An employer may resolve FLSA claims, prior to the commencement of

1

discovery, by submitting one-sided declarations and payroll records ostensibly

showing that an employee has been paid for all overtime hours worked.   The

employee has no right to test the accuracy of the Defendant's declarations or

payroll records.

## ARGUMENT

**1.  THE PAYROLL RECORDS EXCHANGED BY THE DEFENDANT SHOW THAT THE DEFENDANT HAS FAILED TO PAY FOR ALL OVERTIME HOURS WORKED BY BOTH MARINA MARTINEZ AND ESDRAS RAFAEL SANCHEZ SORIANO; THEREFORE, IN THE EVENT THAT THE MOTION TO DISMISS IS GRANTED, THE PLAINTIFFS SHOULD BE GRANTED LEAVE TO REPLEAD THEIR FLSA CLAIMS, AS SUCH AMENDMENT WILL NOT BE FUTILE.**

"An employer may not arbitrarily fail to count as hours worked any part, however

small, of the employee's fixed or regular working time or practically ascertainable period of

time he is regularly required to spend on duties assigned to him." 29 C.F.R. § 785.47

(2013).  Rounding is permitted so long as such practice "will not result, over a period of

time, in failure to compensate the employees properly for all the time they have actually

worked." 29 C.F.R. § 785.48.  Even small amounts of time may not be disregarded by an

employer unless these time periods are indefinite or uncertain, and disregarding such time

is "justified by industrial realities."  *Saunders v. John Morrell & Co., No*. C88-4143, 1992

U.S. Dist. LEXIS 21716, at *3 (N.D. Iowa Oct. 14, 1992).  "A dollar a week is not a trivial

matter to a workingman."  *Addison v. Huron Stevedoring Corp.*, 96 F. Supp. 142, 181

(S.D.N.Y. 1950), *aff'd*, 204 F.2d 88, 95 (2d Cir.), *cert. denied*, 346 U.S. 877, 98 L. Ed. 384,

74 S. Ct. 120 (1953).

The Defendant seizes upon the fact that its payroll records contradict the allegations

in the Complaint.  However, a careful review of the records submitted shows that Apogee

has a policy of depriving the plaintiffs of overtime hours worked.

### a. Esdras Rafael Sanchez Soriano was deprived of Overtime Wages

Mr. Soriano was not paid for all overtime hours worked. The plaintiffs analyzed seven pay periods from January through May 2014. *See* Exhibit 1. Mr. Soriano was deprived of payment for all overtime hours worked as summarized by the following chart.

| Week Ending | Hours Paid | Hours Worked | Unpaid Overtime (Decimal) | Unpaid Overtime in Hrs:Mins |
|---|---|---|---|---|
| 1/12/2014 | 39.75 | 40.43 | 0.68 | 0:41 |
| 2/2/2014 | 40.50 | 40.62 | 0.12 | 0:07 |
| 2/16/2014 | 42.00 | 42.18 | 0.18 | 0:11 |
| 3/30/2014 | 41.25 | 41.62 | 0.37 | 0:22 |
| 4/6/2014 | 41.25 | 41.47 | 0.22 | 0:13 |
| 4/13/2014 | 40.75 | 41.53 | 0.78 | 0:47 |
| 5/25/2014 | 43.00 | 43.43 | 0.43 | 0:26 |

### b. Marina Martinez was Deprived of Overtime Wages

The weeks from December 22, 2013 through February 9, 2014 show that the Defendant did not pay for all overtime hours worked. *See* Exhibit 2[1]. The following chart summarizes Exhibit 2:

(INTENTIONALLY BLANK)

---

[1] On January 6, 2014 Ms. Martinez missed her morning punch and her end-of-day punch. She only punched for lunch. However, she was only paid for 5.5 hours, despite the fact that her regular shift was 8 hours. Assuming that she worked her regular shift on January 6, 2015, she was deprived of 2 hours and 39 minutes of overtime for the week ending January 12, 2015. But even if the Defendant has an explanation for what happened on January 6, 2014, Ms. Martinez was routinely deprived of overtime and straight wages.

3

| Week Ending | Hours Paid | Hours Worked | Unpaid Hours (Decimal) | Unpaid Hrs:Mins |
|---|---|---|---|---|
| 12/22/2013 | 40.25 | 41.08 | 0.83 | 0:50 |
| 12/29/2013 | 32.00 | 32.57 | 0.57 | 0:34 |
| 1/5/2014 | 40.00 | 40.57 | 0.57 | 0:34 |
| 1/12/2014 | 37.75 | 40.40 | 2.65 | 2:39 |
| 1/19/2014 | 41.00 | 41.70 | 0.70 | 0:42 |
| 1/26/2014 | 40.00 | 40.62 | 0.62 | 0:37 |
| 2/2/2014 | 32.00 | 32.35 | 0.35 | 0:21 |
| 2/9/2014 | 40.00 | 40.60 | 0.60 | 0:36 |

c. **In the event that the Court is inclined to grant the Defendant's motion to dismiss, leave to replead should be granted.**

When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint. *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999). Although leave to replead is within the discretion of the court, refusal to grant it without any justifying reason is an abuse of discretion." *Regeda v. City of N.Y.*, No. 09-CV-5427 (KAM) (VVP), 2012 U.S. Dist. LEXIS 186256, at *11 (E.D.N.Y. Sept. 7, 2012) (citing *Cortec Indus. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)).

It is appropriate to consider materials submitted by the plaintiff outside of the pleadings to determine whether to grant leave to replead. *See Papeskov v. Brown*, No. 97 Civ. 5351 (SS), 1998 U.S. Dist. LEXIS 8355, 1998 WL 299892, at *1 n.1 (S.D.N.Y. June 5, 1998), *aff'd*, 173 F.3d 845 (2d Cir. 1999). Where the Plaintiff makes a showing that granting leave to amend will not be futile, the motion to dismiss should be granted without

4

prejudice. *See Regeda*, 2012 U.S. Dist. LEXIS 186256, at \*11. Here the Defendant's own payroll records (which they swear are correct), evidence a systematic deprivation of overtime in violation of the FLSA. Therefore, to the extent that the Court is inclined to grant the Rule 12(c) motion, Plaintiffs respectfully request leave to replead based upon the new evidence obtained.

The Plaintiffs intend on amending the pleadings after some discovery is taken, so as to present a comprehensive class/collective action complaint which addresses the proper scope of the class.

## 2. THE DEFENDANT'S MOTION IS A PREMATURE SUMMARY JUDGMENT MOTION

### a. Defendant has refused to meaningfully participate in discovery, thus depriving the Plaintiff of the opportunity to oppose its merit-based arguments.

The Defendant has not meaningfully participated in discovery. On September 3, 2015 Plaintiffs served their First Request for Production of Documents and Interrogatories. On October 17, 2015 the Defendant provided deficient responses. Although the Plaintiffs detailed the numerous deficiencies in the responses by letters dated November 3, 2015 and November 4, 2015, the Defendant's responses have not been supplemented.

The defendant has also adjourned party and non-party depositions.

### b. By submitting evidence outside the pleadings, the Defendant attempts to transform the Rule 12(c) motion into a summary judgment exercise.

A motion for judgment on the pleadings pursuant to Rule 12(c) may only be granted "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citing *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987)).

Arguments that go to the merits of the Plaintiff's claims, rather than their legal sufficiency, are not the proper subject of a Rule 12(c) motion. *See T.D. Bank v. JP Morgan Chase Bank*, No. 10-CV-2843 (JG) (ARL), 2010 U.S. Dist. LEXIS 109471, at *24-26 (E.D.N.Y. Oct. 14, 2010).

Here the Defendant dedicates its entire motion to attacking the merits of the Plaintiffs' claims, rather than the legal sufficiency of the allegations.  Indeed, the Defendant openly admits that "Apogee's motion is one on the merits…" *Defendant's Letter Request for Pre Motion Conference,* ECF No. 18, at 2 (Sep. 30, 2015).

c. **The documents submitted by the Defendant should not be considered on a Rule 12(c) motion.**

"[E]xtrinsic documents may be considered as part of the pleadings [only] if they either are (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint." *Deluca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010).  A document is "integral" if the complaint "relies heavily upon its terms and effect." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).  However, if the Plaintiff does not rely on a document in drafting the complaint, the document is not "integral." *Chambers*, 282 F.3d at 153.  Here, the Defendant submits the declaration of Bruce Smith, the Chief Financial Officer of Apogee Retail NY, LLC.  Attached as exhibits to the Smith Declaration are almost 100 pages of time card reports, earnings records, and earnings statements.

However,

(1) NONE of the documents submitted by the Defendant are attached to the complaint;

(2) NONE of the documents submitted by the Defendant are mentioned or referred

6

to in the Complaint; and

(3) NONE of the documents submitted by the Defendant were relied upon by the

Plaintiffs in drafting the complaint.

Although the Defendant has argued that the payroll records annexed to the Smith

Declaration are "integral", the Defendant has not even attempted to explain how the Smith

declaration is "integral."  Therefore, the declaration (and the documents annexed thereto)

should not be considered.

The defendant has strained the interpretation of the relevant case law allowing the

consideration of extraneous documents on a Rule 12(c) motion.  None of the cases cited by

the Defendant permit it to submit the Smith Declaration and the exhibits annexed thereto.

For instance, in *L-7 Designs, Inc. v. Old Navy, L.L.C.*, 647 F.3d 419, 422 (2d Cir. 2011) the

Second Circuit found that the District Court had properly considered emails in deciding a

Rule 12(c) motion only because they were attached to the defendant's answer.  In *Deluca*,

695 F. Supp. 2d at 60 the Defendant submitted an affidavit with four extraneous documents

in support of a Rule 12(c) motion.  The court noted:

> [T]he complaint makes no explicit or implicit reference to, nor does it quote at all from, the exhibits. Therefore, the extraneous documents attached to the [] Affidavit are not incorporated into the complaint by reference…  These extraneous documents also are not integral to [the] complaint.. [The Defendant] is unable to satisfy the [] integrality prong-- reliance on the documents in framing [the] complaint..

The court properly concluded that because the affidavit and exhibits were not

mentioned, let alone relied heavily upon by the Plaintiff in drafting the complaint, they

were not integral and therefore could not be considered on a motion to dismiss. *Deluca*,

695 F. Supp. 2d at 60-61.

7

d. **The Defendant has no legal support for its statement that courts in this jurisdiction have "regularly considered" extraneous documents "in deciding a dispositive motion without converting the motion into one for summary judgment**."

In support of this broad proposition the defendant cites a single case - *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 474 (E.D.N.Y. 2011).  The defendant have misreads Judge Spatt's decision in *Sosnowy*.  In that case the court decided a purely legal question – namely, does the New York spread of hours premium regulation found at 12 NYCRR 142-2.4 apply to all workers or only those earning the minimum wage.  *Sosnowy* 764 F. Supp. 2d at 474.  Judge Spatt noted a split among the district courts, but sided with majority of courts in finding that the regulation applies only to those earning the minimum wage.  Turning to the complaint, the court noted that the complaint contained absolutely no allegation regarding the Plaintiff's rate of pay which would show an entitlement to spread of hours pay.  *Sosnowy*, 764 F. Supp. 2d at 474.  The court dismissed the complaint without prejudice to replead the spread of hours claims.  *Id.*

3. **EVEN IF THE PLAINTIFFS' OVERTIME CLAIMS ARE DISMISSED, THIS COURT HAS JURSIDICTION OVER THE PLAINTIFFS' STATE LAW CLAIMS PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005 (CAFA).  THEREFORE, ALLOWING THE PLAINTIFF LEAVE TO REPLEAD THE JURISDICTIONAL REQUIREMENTS UNDER 28 U.S.C. § 1332(D) (2012) WOULD NOT BE FUTILE.**

a. **An Introduction to Plaintiff's Untimely Payment of Wages Claim**

Adam Smith observed that "[m]any workmen could not subsist a week" without their wages.  Adam Smith, *An Inquiry into the Nature and Causes of the Wealth of Nations.* Book I, Ch. 8, Sec. 12 (1776).  New York N.Y. Lab. Law § 191 (formerly § 196) was enacted "to protect the manual worker who was dependent upon the 'wages' he received weekly for his existence." *People ex rel. Gianotti v. Bloom*, 7 Misc. 2d 1077, 1078, 167 N.Y.S.2d 179, 181 (City Ct. 1957).

8

A defendant violates NYLL § 191(1)(a) when he fails to pay a manual worker

wages earned within seven days.  *Gonzalez v. Gan Isr. Preschool*, No. 12-CV-06304

(MKB) (VMS), 2014 U.S. Dist. LEXIS 34633, at *26 (E.D.N.Y. Feb. 5, 2014).

Here the Defendant has admitted to a biweekly pay policy.  If the Plaintiffs are

manual workers, they are entitled to summary judgment.  *Cuzco v. Orion Builders, Inc.*

06-Civ-2789 (KMW) (THK), at 7-8 (S.D.N.Y. May 26, 2010).

> In this case, Defendants did not pay wages as often as the law requires, and did
> not pay wages as early as the law requires. Defendants paid wages every two weeks
> (rather than weekly) and paid these wages no earlier than two weeks after the end of the
> period in which those wages were earned. These facts are undisputed. Therefore,
> Plaintiffs and members of the certified class are entitled to summary judgment on their
> claims that Defendants violated the timely payment provisions of NYLL § 191.

*Cuzco v. Orion Builders, Inc.,* 06-Civ-2789 (KMW) (THK), at 7-8 (S.D.N.Y. May 26,

2010).

Effective November 24, 2009, a prevailing plaintiff can recover liquidated damages

for violations of NYLL § 191 "unless the employer proves a good faith basis for believing

that its underpayment of wages was in compliance with the law." NYLL § 198(1-a).

**b.  This Court has jurisdiction over the Plaintiffs' state law claims under CAFA.**

On February 18, 2005, Congress enacted the Class Action Fairness Act of 2005

(CAFA), significantly expanding federal diversity jurisdiction over most class actions and

mass actions (28 U.S.C. § 1332(d)).  More specifically, 28 U.S.C. § 1332(d)(2) was

amended to read as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter
> in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs,
> and is a class action in which…any member of a class of plaintiffs is a citizen of a State
> different from any defendant;

> "CAFA provides federal courts with jurisdiction over class actions provided that:

the number of plaintiffs in all proposed plaintiff classes exceeds one hundred,

9

§1332(d)(5)(B); any member of the plaintiff class is diverse from any defendant, §

1332(d)(2); and the aggregate of the claims of individual class members exceeds

$5,000,000, exclusive of interests and costs. § 1332(d)(2), (6)." *Lowery v. Ala. Power Co.*,

483 F.3d 1184, 1194 (11th Cir. 2007).

Here, the plaintiff class exceeds 100.  It is alleged that the size of the New York

Class is at least 300 individuals.  The aggregate value of the claims of the individual class

members exceeds $5 million.  Although the complaint does not set forth the class-wide

damages, it is estimated based upon our calculations that class-wide damages are well in

excess of $10 million.  Furthermore, there is minimal diversity.  Defendant has admitted

that it is a foreign corporation, formed under the laws of the State of Delaware.

Defendant's principal office is located in Scottsdale, Arizona.  The Plaintiffs are New York

State residents.  Therefore, there is minimal diversity.

**4. THE DEFENDANT'S MOTION FOR SANCTIONS WHICH IS BASED UPON COUNSEL'S REFUSAL TO DISMISS FLSA CLAIMS IS WITHOUT MERIT**

The Defendant's position is that if it produces records which allege contradict the

factual allegations in a complaint, that the Plaintiff must abandon his FLSA claims, or be

subject to sanctions under Rule 11.

Several points are worth noting:

- The Plaintiff, Mr. Soriano, alleges that the Defendant engaged in an hours-shifting practice which deprived him of overtime.

- The Defendant similarly "alleges" that its payroll records show that Mr. Soriano was paid for all overtime hours worked.

- The Defendant has not produced any information regarding edits made to time clock records, as requested by the Plaintiff.

- The Defendant has not submitted any evidence to suggest that Rule 11 was not complied with at the time the complaint was filed.

The Plaintiffs will prevail on their FLSA claims.  However, even assuming that Defendant prevails at trial, this is irrelevant to a Rule 11 inquiry. *Cunningham v. County of L.A.*, 879 F.2d 481 (9th Cir. 1988), *cert. denied*, 493 U.S. 1035, 107 L. Ed. 2d 773, 110 S. Ct. 757 (1990).  The question is whether the complaint was frivolous when filed, not whether the plaintiff prevails.  *Cunningham*, 879 F.2d 481.   "[F]ailure of proof does not imply a violation of Rule 11.  Counsel must investigate, but need not have in hand before filing enough proof to establish the case." *Samuels v. Wilder*, 906 F.2d 272, 274 (7th Cir. 1990).

The Defendant suggests that a plaintiff faced with allegations against him must either throw in the towel or be subject to Rule 11 sanctions.  However,

> "Rule 11 does not require revisions of pleadings to conform with newly discovered information.  Rule 11 does not require the updating of papers that were not subject to sanctions when filed." *Pantry Queen Foods v. Lifschultz Fast Freight*, 809 F.2d 451, 454 (7th Cir. 1987). *See also Hamer v. County of Lake*, 819 F.2d 1362, 1370 n.15 (7th Cir. 1987) ("Rule 11 does not impose a continuing obligation on attorneys to reevaluate the merits of the case as the litigation develops") *accord Oliveri v. Thompson*, 803 F.2d 1265, 1274-75 (2d Cir. 1986); *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 484 (3d Cir. 1987); *Thomas v. Capital Sec. Servs.*, 836 F.2d 866, 874 (5th Cir. 1988) (en banc); *Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Associated Contractors*, 877 F.2d 938, 942-43 (11th Cir. 1989); *Hilton Hotels Corp. v. Banov*, 283 U.S. App. D.C. 232, 899 F.2d 40, 44-45 n.6 (D.C. Cir. 1990).

*Samuels*, 906 F.2d at 275.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Defendant's motion be denied in its entirety.  To the extent that the Court is inclined to grant the motion under Rule 12(c), Plaintiffs request that such dismissal be without prejudice and that the Plaintiffs be given leave to replead (1) their FLSA claims and (2) the jurisdictional basis for their state law claims under CAFA.

Dated:  Glen Cove, New York
        December 6, 2015

                                        Respectfully submitted,
                                        STEVEN J. MOSER, P.C.
                                        *Attorneys for Plaintiffs*

                                        /s/
                                        By: Steven John Moser (SM1133)
                                        3 School Street, Suite 207B
                                        Glen Cove, New York 11542
                                        (516) 671-1150
                                        (516) 882-5420 (fax)
                                        smoser@moseremploymentlaw.com